IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAWN LAWREY, Mother and Next Friend of Aubree Lawrey, a Minor, | ) ) ) | |
| Plaintiff, | ) ) | 8:11CV63 |
| V. | ) ) | |
| GOOD SAMARITAN HOSPITAL, KEARNEY CLINIC, P.C., and DAWN M. MURRAY, M.D., | ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This case involves allegations that Defendant, Dr. Dawn Murray, negligently caused a birth injury, specifically, an injury to the brachial plexus of the right arm of Aubree Lawrey, during her delivery. Plaintiff has filed a motion requesting that the court amend the scheduling order so as to extend the deadline for filing *Daubert* motions (filing 61) to July 23, 2012. For the reasons set forth below, Plaintiff's motion will be denied.

### BACKGROUND

The court's scheduling order (filing 39) established June 15, 2012, as the deadline for filing motions in limine under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). On July 10, 2012, nearly a month after the expiration of that deadline, Plaintiff filed the instant motion to amend, asserting that additional time for filing *Daubert* motions is necessary because Plaintiff was unable to complete the depositions of Defendants' experts until after the *Daubert* deadline had passed. Defendants oppose Plaintiff's motion, arguing that Plaintiff has not shown excusable neglect or good cause for modifying the scheduling order and extending the deadline.

ANALYSIS

Under Fed. R. Civ. P. 16, a progression order schedule "may be modified only for good cause." Fed. R. Civ. P. 16. "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D.Fla.2000) (quotation and citation omitted). In addition to the good cause requirement, when a motion is made after the time has expired, the court may extend the time "if the party failed to act because of excusable neglect." See Fed.R.Civ.P. 6(b)(1)(B). "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." *Miller v. Kellogg USA, Inc.*, Case No. 8:04CV500, 2006 WL 468315, *2 (D. Neb. Feb. 27, 2006) (quotation and citation omitted).

The court finds that Plaintiff has failed to make a showing of good cause or excusable neglect. As grounds for the requested amendment, Plaintiff cites her inability to complete expert depositions until after the *Daubert* deadline. The court finds that under the circumstances here, this is not a sufficient basis for modifying the scheduling order. Plaintiff has been aware that expert depositions would not be complete before the *Daubert* deadline since at least May 7, 2012. However, Plaintiff waited approximately two months to request an amendment of the scheduling order. Additionally, Plaintiff deposed the last expert witness on June 25, 2012, but did not file the instant motion until July 10, 2012, despite the fact that expert reports were provided to Plaintiff on April 2, 2012. Plaintiff explained some difficulty in setting depositions, however, this does not excuse Plaintiff's failure to seek an extension of the *Daubert* motion deadline until now.

Upon consideration,

**IT IS ORDERED** that Plaintiff's Motion to Amend Scheduling Order (filing 61) is denied.

**DATED July 17, 2012.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**
