IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAWN LAWREY, mother and next friend of AUBREE LAWREY, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>KEARNEY CLINIC, P.C., and DAWN M. MURRAY, M.D.,<br><br>Defendants. | CASE NO. 8:11CV63<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on three motions in limine: (1) the Plaintiff's Motion in Limine to Preclude Cumulative Expert Testimony (Filing No. 77); (2) the Defendants' Motion in Limine to preclude Plaintiffs from making reference to subject matter in eleven categories (Filing No. 79); (3) and Plaintiffs' Motion in Limine to Exclude Defendants' Undisclosed Literature and References to Such Literature at Trial in this Matter (Filing No. 83). For the reasons discussed below, the Plaintiffs' motions will be denied, without prejudice to the Plaintiffs reasserting their objections at trial, and Defendants' motion will be granted.

**FACTUAL BACKGROUND**

Plaintiffs Dawn Lawrey ("Dawn") and Aubree Lawrey ("Aubree"), a minor, are residents and citizens of Wisconsin. Defendant Kearney Clinic, P.C., is a Nebraska professional corporation with its principal place of business located in Kearney, Nebraska. Defendant Dawn M. Murray, M.D. ("Murray"), is a physician in Nebraska. On March 1, 2008, Dawn gave birth to Aubree in Kearney, Nebraska, at Good Samaritan Hospital. Murray, the attending physician, delivered Aubree. Plaintiffs allege that the Defendants negligently treated and cared for Dawn during the delivery of Aubree, and that the Defendants' negligent treatment and care were the proximate cause of brachial plexus injuries suffered by Aubree, resulting in a condition known as Erb's Palsy.

**LEGAL STANDARDS**

"A United States District Court sitting in diversity jurisdiction applies the substantive law of the forum state . . . ." *Fogelbach v. Wal-Mart Stores, Inc.*, 270 F.3d 696, 698 (8th Cir. 2001). A federal court sitting in diversity will also apply federal procedural law. *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

Federal Rule of Evidence 403 provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Fed. R. Civ. P. 26(a)(2) requires timely disclosure of expert witnesses and their opinions, including "any exhibits that will be used to summarize or support them[.]" Fed. R. Civ. P. 26(a)(2)(B)(iii). Fed. R. Civ. P. 26(e) requires a party to supplement such disclosures "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). Fed. R. Civ. P. 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at trial, unless the failure was substantially justified or is harmless."

**DISCUSSION**

**I.  Plaintiffs' Motion in Limine to Preclude Cumulative Expert Testimony**

The Plaintiffs ask the Court to exercise its discretion under Fed. R. Civ. P. 403 to "limit the Defendants to one expert on the issues of standard of care and causation." (Pls.'

Mot. in Limine, Filing No. 77, at 6.)  Plaintiffs assert that the Defendants' experts Dr. Andrew Robertson and Dr. Robert DeMott will offer opinions that will be cumulative, causing unfair prejudice to the Plaintiffs, confusing and misleading the jury, and resulting in delay and waste of time.

Defendants acknowledge that Dr. Robertson and Dr. DeMott reached similar conclusions, based upon their different backgrounds and specialties.  Dr. DeMott specializes in obstetrics and gynecology, with expertise in shoulder dystocia and brachial plexus palsy causation.  Dr. Robertson specializes in maternal fetal medicine, with expertise in high-risk obstetrics.  Defendants note that the Plaintiffs have presented alternative theories of negligence, including improper diagnosis, disregard for fetal macrosomia, failure to perform a Cesarean section, and the application of excessive traction during delivery.  Defendants argue that the two doctors' fields of study and areas of expertise will assist the jury in understanding the standard of care applicable to the Defendants before and during Aubree's delivery, as well as causation.

The Court agrees that the risk of some overlap in the opinions of the Defendants' experts is not sufficient reason to limit the Defendants to the presentation of a single expert's testimony on issues of standard of care and causation. The Court declines to exercise its discretion under Rule 403 to preclude the Defendants from offering the testimony of both Dr. DeMott or Dr. Robertson.  Plaintiffs' Motion in Limine to Preclude Cumulative Expert Testimony (Filing No. 77) will be denied, without prejudice to the Plaintiffs presenting their Rule 403 objections at the time of trial.

## II.  Defendants' Motion in Limine

Defendants ask the Court to preclude the Plaintiffs from making any reference to, or eliciting any evidence related to, subject matter in eleven categories: (1) other litigated

cases, (2) court proceedings regarding the admissibility of testimony, (3) previous deposition testimony by expert witnesses if a copy of the deposition is not immediately available to opposing counsel, (4) opinions of experts not called as witnesses or otherwise admitted into evidence as reliable statements from specific medical literature, (5) deposition testimony not offered and received at trial, (6) expert opinions not properly disclosed, including those related to Aubree's medical or vocational prognosis or need for future health services or equipment; (7) communications between counsel, (8) liability insurance, (9) complaints or claims made against expert witnesses, (10) medical bills, and (11) any suggestion that Defendants or their lawyers have not fully complied with discovery requests.

Plaintiffs have not submitted any brief in opposition to the Defendants' Motion in Limine, and it will be granted.

### III.  Plaintiffs' Motion in Limine to Exclude Defendants' Undisclosed Literature and References to Such Literature at Trial in this Matter

Plaintiffs contend that the Defendants' exhibit list identifies 194 medical articles the Defendants may offer or refer to at trial, but 165 of those articles were not timely disclosed pursuant to Fed. R. Civ. P. 26(a)(2) and (e).  Plaintiffs object to the Defendants offering the 165 articles as exhibits, or eliciting testimony from expert witnesses making reference to such articles or to the term "the literature" as a generic reference to material including such articles.

Defendants contend that the medical literature was timely disclosed prior to the experts' depositions, and was readily accessible to Plaintiffs' counsel.  The Defendants assert they had no obligation to provide actual copies of each such article to Plaintiffs'

counsel, and that Plaintiffs never sought the materials through subpoena, as required to obtain documents from a non-party witness. Nevertheless Defense counsel states that the articles were collected and scanned at considerable inconvenience and expense, and provided to Plaintiffs' counsel on a compact disk in early August 2012.

At this juncture, the Court cannot conclude that the Defendants' disclosures were untimely or otherwise deficient, nor that the Plaintiffs have suffered any unfair surprise or prejudice. The Plaintiffs' Motion in Limine to Exclude Defendants' Undisclosed Literature and Reference to such Literature at Trial in the Matter will be denied, without prejudice to the Plaintiffs raising their objections at the time of trial.

Accordingly,

IT IS ORDERED:

1. Plaintiffs' Motion in Limine to Preclude Cumulative Expert Testimony (Filing No. 77) is denied without prejudice to the Plaintiffs presenting their Rule 403 objections at the time of trial;

2. Defendants' Motion in Limine (Filing No. 79) is granted; and

3. Plaintiffs' Motion in Limine to Exclude Defendants' Undisclosed Literature and References to Such Literature at Trial in this Matter (Filing No. 83) is denied, without prejudice to Plaintiffs reasserting their objections at trial.

DATED this 6th day of September 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge