## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAWN LAWREY, mother and next friend of AUBREE LAWREY, a minor, | ) ) ) | CASE NO. 8:11CV63 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| KEARNEY CLINIC, P.C., and DAWN M. MURRAY, M.D., | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiffs' Motion for Leave to File a Motion in Limine Late (Filing No. 92).  Plaintiffs note that on August 20, 2012, five days after the deadline for the filing of motions in limine, this Court granted the Defendants' motion to exclude certain testimony by Plaintiffs' expert witnesses.  (Filing No. 89.)  Plaintiffs now seek leave to file a motion in limine out of time to preclude (i) two of the Defendants' experts from testifying, on the basis that their testimony is no longer relevant, and (ii) Defendants  from engaging in any discussion or inquiry on the subject of "traction."

The relevance of the testimony of the two expert witnesses, Dr. Adelson and Dr. Grimm, will depend upon the presentation of the Plaintiffs' evidence.  The Plaintiffs' objections as to relevance of the two experts' testimony can be addressed, if necessary, at the close of the Plaintiffs' case-in-chief.

With respect to the mention of "traction," the Defendants do not object to eliminating any such discussion, if the Plaintiffs and their witnesses are likewise precluded from discussing traction.  (Defendants' Brief, Filing No. 97, at 2.)

The evidence and arguments before the Court to date have revealed nothing to suggest Dr. Murray applied any traction to Plaintiff Aubree Lawrey's head or neck.  In the

Court's Memorandum and Order of August 20, 2012, the Court precluded Plaintiffs' experts, Dr. Scott Kozin and Dr. Amos Grunebaum, from offering any opinion that maternal expulsive forces of labor *cannot* cause permanent brachial plexus injuries, or that birth-related brachial plexus injuries are *always* the result of traction applied to an infant's head and neck by the birth attendant, because such opinions–to the extent they were truly held by the experts at all–were not supported by any reliable methodology.  In the absence of any evidence that Dr. Murray applied traction to Aubree's head or neck during delivery, a "differential diagnosis" by Plaintiffs' experts concluding that Aubree's injury *must* have been caused by excessive traction applied by Dr. Murray during Aubree's delivery would be equivalent to a *res ipsa loquitur* theory of negligence and liability.  For reasons discussed in the August 20, 2012, Memorandum and Order, the Court rejected such a theory under Nebraska substantive law and precluded the Plaintiffs' two expert witnesses from offering an opinion that the injury to Aubree Lawrey was caused by Defendant Dr. Dawn M. Murray applying excessive traction to the infant's head and neck.

It is the Court's understanding that in light of the Memorandum and Order of August 20, 2012, the Plaintiffs' theory of the case now may focus on issues of informed consent vis-a-vis Plaintiff Dawn Lawrey's choice between vaginal delivery and caesarian section. The Court will not preclude either the Defendants or the Plaintiffs from making reference to the term "traction," however, because some reference to traction reasonably may be used to explain to the jury how brachial plexus injuries occur, including in-utero and pre-delivery injuries.  Discussion of traction, force, pressure, and similar dynamics may have relevance to issues remaining for trial.  In any event, these matters can be discussed at the

Court's meeting with counsel before trial, and another motion in limine is not necessary in

the interest of justice.


        IT IS ORDERED:

        Plaintiffs' Motion for Leave to File a Motion in Limine Late (Filing No. 92) is denied.

        DATED this 11th day of September, 2012.

                                BY THE COURT:


                                s/Laurie Smith Camp
                                Chief United States District Judge

3