**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **DAWN LAWREY, mother and next friend of AUBREE LAWREY, a minor,** | ) ) ) | **CASE NO. 8:11CV63** |
| **Plaintiffs,** | ) ) ) | **MEMORANDUM** |
| **v.** | ) ) | **AND ORDER** |
| **KEARNEY CLINIC, P.C., and DAWN M. MURRAY, M.D.,** | ) ) ) ) | |
| **Defendants.** | ) | |

This matter is before the Court on "Plaintiffs' Motion for Reconsideration of Plaintiffs' Opposition [to] Defendants' Motion to Exclude Plaintiff[s'] Experts" (Filing No. 98). Defendants have filed a brief in opposition to the motion (Filing No. 99). Because trial will begin on September 19, 2012, and because the Plaintiffs' arguments are incorporated within the motion itself, the Court will not await a reply brief before ruling on the motion. (See NECivR 7.0.1(c).)

In the Court's Memorandum and Order of August 20, 2012 (Filing No. 89), the Court precluded Plaintiffs' experts, Dr. Scott Kozin and Dr. Amos Grunebaum, from offering any opinion that maternal expulsive forces of labor *cannot* cause permanent brachial plexus injuries, or that birth-related brachial plexus injuries are *always* the result of traction applied to an infant's head and neck by the birth attendant. The Court concluded that such

opinions–to the extent they were held by the experts at all[1]–were not supported by any reliable methodology.

The evidence and arguments presented to the Court in connection with Defendants' Motion to Exclude Testimony of Plaintiffs' Experts (Filing No. 56) revealed nothing to suggest Dr. Murray applied *any* traction to Plaintiff Aubree Lawrey's head or neck.  All evidence presented to the Court was to the contrary.  In the absence of any evidence that Dr. Murray applied traction to Aubree's head or neck during delivery, a "differential diagnosis" by Plaintiffs' experts concluding that Aubree's injury *must* have been caused by excessive traction applied by Dr. Murray during Aubree's delivery is, in essence, a *res ipsa loquitur* theory of negligence and liability.  For reasons discussed in the August 20, 2012, Memorandum and Order, the Court rejected such a theory under Nebraska substantive law and precluded the Plaintiffs' two expert witnesses from offering an opinion that the injury to Aubree Lawrey was caused by Defendant Dr. Dawn M. Murray applying excessive traction to the infant's head and neck.

---

[1]  For example, with respect to Dr. Kozin's testimony, Plaintiffs state that "studies indicate that uterine forces are axially transmitted, and therefore do not normally produce the amount of lateral deviation of the head from the shoulders needed to stretch the brachial plexus beyond its elastic limit, **permanently** injuring the nerves." (Filing No. 98 at 9, emphasis in original.)  With respect to Dr. Grunebaum's testimony, Plaintiffs state "based on the vast literature regarding shoulder dystocia and his 30-plus years of experience, the force required to cause a **permanent** brachial plexus injury is **highly unlikely** to occur through maternal forces alone." (*Id*. at 6, emphasis in original.)  Neither expert appears to hold the opinion that permanent brachial plexus injuries *cannot* be caused by maternal expulsive forces of labor, or that such injuries are *always* the result of traction applied to an infant's head and neck by the birth attendant.

Accordingly,

IT IS ORDERED:

The Plaintiffs' Motion for Reconsideration of Plaintiffs' Opposition [to] Defendants'

Motion to Exclude Plaintiff[s'] Experts (Filing No. 98) is denied.

DATED this 11th day of September, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge