IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAWN LAWREY, Mother and Next Friend of Aubree Lawrey, a Minor,<br><br>          Plaintiff,<br><br>   vs.<br><br>KEARNEY CLINIC, P.C., DAWN M. MURRAY, M.D.,<br><br>          Defendants. | CASE NO. 8:11CV63<br><br><br><br>ORDER |

    This matter is before the Court on the Court's own motion. Several transcripts from the trial of this action, held September 19 through September 26, 2012, have been uploaded onto this Court's CM/ECF. (Filing Nos. 123-24, 136-40.)

    As reflected in the Court's Transcript Redaction Procedures,[1] once a transcript is uploaded onto the Court's CM/ECF, parties have five business days to file with the Court a Notice of Intent to Request Redaction of the transcript. During that time, access to the transcript is restricted to case participants. If those five days pass and no party has filed a Notice of Intent to Request Redaction, then the transcript will become remotely electronically available to the public after ninety calendar days. During those ninety calendar days, however, access to the transcript remains restricted to case participants.

---

[1] The procedures are made known, and available, in the docket entry for any unredacted transcript filed. *See* Filing Nos. 123-24, 136-40:

> The transcript can only be viewed at the court's public terminal or purchased through [the] Court Reporter . . . before the expiration of the Release of Transcript Restriction deadline. The parties have 5 business days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Click here to view the Transcript Redaction Procedure.

Plaintiff has filed indexes of evidence in support of various post-trial motions with attachments consisting of transcripts from the trial. (*See* Filing Nos. 142-2, 142-3, 145-2.) With respect to the transcripts found at Filing Nos. 142-3[2] and 145-2,[3] the 90-day restriction period has not passed. The transcript found at Filing No. 142-2 will never be made remotely electronically available to the public because it has been redacted according to the Court's Transcript Redaction procedure.[4]

Therefore, the Court will instruct the Clerk of the Court to restrict the access of the indexes of evidence that contain the unredacted transcripts (Filing Nos. 142, 145) to case participants in order to maintain the policies of the Court's Transcript Redaction Procedures. Accordingly,

IT IS ORDERED that the Clerk of the Court shall restrict the access of the indexes of evidence found at Filing Nos. 142 and 145, and the attachments thereto, to the case participants of the above captioned action.

Dated this 30th day of October, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[2] *See* Filing No. 136.

[3] *See* Filing No. 137.

[4] *See* Filing Nos. 127-28; *compare* Filing No. 132, at 85:23, *with* Filing No. 123, at 85:23, *and* Filing No. 142-2, at 85:23.