## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAWN LAWREY, mother and next friend of AUBREE LAWREY, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>KEARNEY CLINIC, P.C., and DAWN M. MURRAY, M.D.,<br><br>Defendants. | CASE NO. 8:11CV63<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Plaintiff's Renewed Motion for Judgment as a Matter of Law and in the Alternative a New Trial (Filing No. 141), Request for Hearing on that Motion (Filing No. 143), Plaintiff's Motion for New Trial Because of Defendants' Improper Closing Argument (Filing No. 144), and Request for Hearing on that Motion (Filing No. 146). For the reasons discussed below, the Motions will be denied.

### STANDARD OF REVIEW

Fed. R. Civ. P. 50 (a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorably finding on that issue.

Fed. R. Civ. P. 50(b) permits such motions to be renewed within 28 days following judgment. Fed. R. Civ. P. 59 (a)(1) provides in pertinent part:

> The court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court

## DISCUSSION

The issues in this medical malpractice case were narrowed substantially through pre-trial motions and orders.  At the time of trial to the jury, the Plaintiff proceeded on a theory that the Defendants had not obtained Dawn Lawrey's informed consent for a vaginal delivery of Aubree Lawrey, resulting in permanent brachial plexus injury to Aubree.  The undisputed evidence showed that Dr. Dawn Murray offered Dawn Lawrey a cesarean section delivery, considering the size of the infant and the mother's history of vaginal tearing in a prior delivery.  Dr. Murray also testified that she warned Dawn Lawrey that the baby could "get stuck" during the delivery process, creating a risk of injury to mother and baby.  Dawn Lawrey testified that if she had known there was a risk of *permanent* injury to her baby, she would have opted for a cesarian section delivery.  The evidence also showed that the risk of permanent brachial plexus injury to an infant from posterior shoulder dystocia on the sacral promontory, of the nature that occurred in this case, was extremely remote.  The Plaintiff's only expert witness on the issue of causation, Dr. Amos Grunebaum, testified that such a risk was *nonexistent*.  (Trial Testimony of Dr. Amos Grunebaum, Filing No. 152 at 175:19 to 176:25.)

The jury's verdict in this case not only had a legally sufficient evidentiary basis, but the verdict was supported by the clear weight of the evidence and the Court finds no reason to conclude that the trial was unfair to the Plaintiff.

The Plaintiff takes issue with the remarks made by counsel for the Defendants in closing argument, suggesting that such comments were improper and unfairly prejudicial. Counsel for the defense did refer to Plaintiff's counsel's arguments as "disingenuous,

inaccurate, and non-forthright." (Transcript of Defendants' Closing Argument, Filing No. 137 at 5:7-9.) The word "disingenuous" is defined in the New Oxford American Dictionary (2001 ed.) as "not candid or sincere, typically by pretending that one knows less about something than one really does." While use of that term may have been viewed by Plaintiff's counsel as an inappropriate personal attack on his sincerity, it is highly unlikely that the jury was influenced by defense counsel's opinion about whether or not Plaintiff's counsel sincerely believed his own arguments.

Defendants' counsel also made reference to the effect that the jury's verdict could have on doctors' actions in the future, suggesting that doctors might be influenced to perform more cesarian sections than necessary in order to avoid liability. (*Id*. at 20:1-6.) Plaintiff's counsel objected to the comment, and a sidebar was held. At the sidebar, Plaintiff's counsel stated that he strongly objected defense counsel's argument but was *not* seeking a mistrial, and asked the Court's guidance. (*Id*. at 20:15 to 22:5.) The Court concluded that no instruction to the jury should be given, but did instruct defense counsel to move to a different topic. (*Id*. at 22:6-7.) At the end of defense counsel's closing argument, he told the jury "[t]he medical community is going to be listening to your verdict" (*id*. at 37:8-9), and Plaintiff's counsel again objected. The Court informed defense counsel that his time was expired and he must conclude within one minute. Defense counsel then told the jury that "the community needs to hear from you." (*Id*. at 37:19-20.)

Cases cited by Plaintiff's counsel, in which motions for new trials were granted based on improper closing arguments, involved inflammatory appeals to the prejudices of the jury, or character assassination of opposing counsel. The comments by defense counsel that led to the two objections in this case were not inflammatory, did not appeal to prejudices or fears of the jury, were not character assassinations of opposing counsel,

3

and were not of a nature that would sway any reasonable jury. The evidence in this case overwhelmingly favored the defense, and the Plaintiff was not unfairly prejudiced by the comments made by defense counsel in closing arguments.

IT IS ORDERED:

1. Plaintiff's Renewed Motion for Judgment as a Matter of Law and in the Alternative a New Trial (Filing No. 141) is denied;

2. Plaintiff's Request for Hearing (Filing No. 143) is denied;

3. Plaintiff's Motion for New Trial Because of Defendants' Improper Closing Argument (Filing No. 144) is denied; and

4. Plaintiff's Request for Hearing (Filing No. 146) is denied.

DATED this 16th day of November, 2012.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge